UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT ANTONIO ROSENBOURGH,

    Plaintiff,

        v.                         CAUSE NO. 3:24-CV-419-CCB-SJF

LAPORTE COUNTY OF, et al.,

    Defendants.

## OPINION AND ORDER

Robert Antonio Rosenbourgh, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Rosenbourgh alleges he was arrested for carrying a handgun and resisting law enforcement on November 11, 2020. He was held in the LaPorte County Jail before the charges were dismissed without prejudice on November 1, 2022.[1] He claims that "when this case was investigated," Officer Mardy Corley was told by an officer who was on the scene that he "did not fit the description" but they chose to "pursue charges anyway." ECF 1 at 3. Rosenbourgh alleges "someone else's" DNA was found on the gun rather than his. *Id*.

A review of the state court docket from that criminal case shows a probable cause affidavit was filed on November 12, 2020, a judge determined probable cause existed for the arrest and charges noted above that same day, and an initial hearing was held before a judicial officer on November 17, 2020. *See State of Ind. v. Rosenbourgh*, cause no. 46D01-2011-F5-001404 (LaPorte Sup. Ct. 1 Nov. 12, 2020), which is available online at https://public.courts.in.gov/mycase (last visited Sept. 22, 2025).[2] The probable cause affidavit is authored by Officer Daniel Revoir, the prosecuting attorney is listed as John F. Lake, and the magistrate judge who signed off on it is Michael Bergerson—none of

---

[1] He attaches a dismissal order from the LaPorte Superior Court to his complaint, which confirms that the charges were dismissed on October 31, 2022, *without prejudice* pursuant to the State's Motion to Dismiss. *See* ECF 1-1.

[2] The court is permitted to take judicial notice of public documents in screening the complaint. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts."); *Mosley v. Ind. Dep't of Corr.*, No. 22-2722, 2024 WL 1651902, at *2 (7th Cir. Apr. 17, 2024) ("Proceedings in state court are proper subjects of judicial notice.").

2

whom are named as defendants. *See generally* Ex. A.³ Rosenbourgh has sued LaPorte County, LaPorte Superior Court 1, Officer Mardy Corley, and the Michigan City Police Department for monetary damages.

The Fourth Amendment protects against unlawful pretrial detention, both before and after formal legal process. *Washington v. City of Chicago*, 98 F.4th 860, 863 (7th Cir. 2024). Implicit in any such unlawful detention—whether false arrest, false imprisonment, wrongful detention, or malicious prosecution—is that the arrest and/or detention isn't supported by probable cause. *Wang v. City of Indianapolis*, No. 24-2664, 2025 WL 1000158, at *5 (7th Cir. Apr. 3, 2025) (citing *Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015)). "If the proceeding is tainted—such as by fabricated evidence—and the result is that probable cause is lacking, then the ensuing pretrial detention violates the confined person's Fourth Amendment rights." *Washington*, 98 F.4th at 863 (quoting *Manuel v. City of Joliet*, 580 U.S. 357, 312 (2017) (brackets and ellipses omitted)). In addition to being instituted without probable cause, a Fourth Amendment malicious prosecution claim also requires that the plaintiff show "the motive for the proceeding was malicious" and that "the prosecution ended in the plaintiff's favor." *Lee v. Harris*, 127 F.4th 666, 676 (7th Cir. 2025) (quoting *Thompson v. Clark*, 596 U.S. 36, 44 (2022)).

"Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy

---

³ Because the probable cause affidavit is available online to Indiana attorneys but not readily available online to the public—in the spirit of N.D. Ind. L.R. 7-1(f)—the clerk will be directed to attach a copy of that filing to this order as Exhibit A.

3

information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). In general, probable cause is a "common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred." *Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021) (quoting *Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010)).[4] Probable cause isn't a "high bar," and requires "only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Washington*, 98 F.4th at 875. Additionally, once a judicial determination of probable cause has occurred in a criminal case, a "rebuttable presumption of probable cause" arises in the related civil case. *Id*. at 863. That presumption can be overcome by showing the defendants: (1) "knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer," and (2) "that the false statements were necessary to the judicial officer's determination that probable cause existed for the arrest." *Id*. at 864 (quoting *Whitlock v. Brown*, 596 F.3d 406, 410 (7th Cir. 2010)).

As an initial matter, Rosenbourgh has named several defendants who aren't amenable to suit here. The Michigan City Police Department isn't a suable entity for

---

[4] "[T]he presence of probable cause for one charge does not automatically defeat a Fourth Amendment malicious-prosecution claim alleging the absence of probable cause for another charge." *Chiaverini v. City of Napoleon*, 602 U.S. 556, 561 (2024). However, when probable cause exists for the charged offense, that is a "defense to any claim under the Fourth Amendment for unlawful pretrial detention." *Barnett v. City of Chicago*, No. 23-2509, 2025 WL 1122049, at *2 (7th Cir. Apr. 16, 2025), *reh'g denied*, No. 23-2509, 2025 WL 1401284 (7th Cir. May 14, 2025).

4

purposes of 42 U.S.C. § 1983. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). Likewise, Laporte Superior Court 1 can't be sued under § 1983 either. In Indiana, state courts are "a division of the State of Indiana, so [plaintiff's] suit is one against Indiana itself." *King v. Marion Circuit Court*, 868 F.3d 589, 591 (7th Cir. 2017); *see* IND. CONST. art. 7 § 1 ("The Judicial power of the State shall be vested in a Supreme Court, in Circuit Courts, and in such inferior Courts as the General Assembly may establish."). Because LaPorte Superior Court 1 is acting on behalf of the state when conducting criminal trials, there are strict limits on when it may be sued in federal court. "The Eleventh Amendment provides states with immunity from suits in federal courts unless the State consents to the suit or Congress has abrogated their immunity." *Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2012). There is no state statute allowing the superior court to be sued, and "states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). Finally, as to LaPorte County, there is no *respondeat superior* liability under 42 U.S.C. § 1983, so the County cannot be held liable solely because it employed individuals involved in his criminal case. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Nor are there any allegations in the complaint to suggest he has any plausible claim against the County under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, the claims against all three of these defendants will be dismissed.

5

This leaves Officer Corley, and Rosenbourgh's allegations against him are far too vague to state a claim. It's unclear what role Officer Corley played in the events at issue. Rosenbourgh doesn't allege Officer Corley arrested him or was even present during the arrest, so he hasn't stated a claim for false arrest. According to Exhibit A, Officer Corley didn't author the probable cause affidavit, nor does it appear he was responsible for initiating or prosecuting the criminal case—a task normally reserved for prosecuting attorneys. Based on the language used in the complaint, it appears as though Officer Corley may have "investigated" the crimes, but it's not clear when or what he did during the investigation. The fact that, at some point, an officer who was on the scene of the arrest told Officer Corley that Rosenbourgh didn't match the description of the suspect isn't sufficient to subject him to liability.[5] *See e.g., Moderson v. City of Neenah*, 137 F.4th 611, 618 (7th Cir. 2025) ("A defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation.").

Therefore, Rosenbourgh's conclusory statements about being held on "false charges" are insufficient to state any plausible claim against Officer Corley without additional supporting details. "[A] complaint must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. . . . [W]hen considering the viability of a claim in the face of a Rule 12(b)(6) challenge, we may reject sheer speculation, bald assertions, and unsupported conclusory statements." *Taha v. Intl. Bhd.*

---

[5] Rosenbourgh alleges his DNA wasn't found on the gun, but he doesn't say when that evidence was uncovered or explain how Officer Corley was involved with regard to it.

*of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) (internal quotations marks and citations omitted); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original); *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content).

This complaint does not state a claim for which relief can be granted. If Rosenbourgh believes he can state a claim based on (<u>and consistent with</u>) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **<u>Pro Se 14 (INND Rev. 2/20) Prisoner Complaint</u>** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Robert Antonio Rosenbourgh until **<u>October 23, 2025</u>**, to file an amended complaint; and

(2) **CAUTIONS** Robert Antonio Rosenbourgh if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 25, 2025.

                                              /s/*Cristal C. Brisco*
                                              CRISTAL C. BRISCO, JUDGE
                                              UNITED STATES DISTRICT COURT

# Exhibit A

MC201100157 - Michigan City Police Department

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN LAPORTE SUPERIOR COURT NO. 4 |
| | ) SS: | |
| COUNTY OF LAPORTE | ) | CAUSE NO. 46D04- |
| | ) | |
| STATE OF INDIANA | ) | Information For: Felon Possession of Handgun (Level 5 Felony) |
| | ) | |
| VS. | ) | |
| | ) | |
| Rosenbourgh, Robert Antoine | ) | |

I, OFFICER DANIEL REVOIR 305, being duly sworn upon his oath says that on or about 11TH day of NOVEMBER, 2020, in the County of LaPorte and State of Indiana, one Robert Antoine Rosenbourgh did then and there unlawfully, ▮▮▮▮ or intentionally ▮▮▮▮▮▮▮▮▮▮▮▮▮ carry a handgun in a vehicle without being licensed to carry a handgun and has been convicted of a felony within fifteen (15) years before the date of this offense, to-wit: Possession of Cocaine as a Class C Felony under Cause No. 46D01-1212-FA-604 on May 2, 2013.

All of which is contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana.

I affirm, under penalty of perjury, that the foregoing representations are true, as I verily believe.

_[signature]_ 305
**Affiant**

Subscribed and sworn to before me, and approved by me, this 12th day of Nov. 2020.

JOHN E. LAKE, Prosecuting Attorney
BY _[signature]_

This affidavit having been filed in open court this _____ day of _____, 201__, together with supporting affidavit(s) / testimony of _____ with a finding thereon of probable cause for issuance of a warrant of arrest of _____ on charge(s) of _____, which finding was entered by _____, Judge of _____, and this court having examined said supporting affidavit(s) / testimony and said finding of probable cause, now orders that a warrant issue for the arrest of _____.

Bond set at $ 15,000 cash

November 12, 2020

_[signature]_

Magistrate                                          Judge

| STATE OF INDIANA | ) | IN THE LAPORTE _____ COURT NO. ____ |
|---|---|---|
| COUNTY OF LAPORTE | )SS: | CONTINUOUS TERM |
| | ) | CAUSE NUMBER _____ |
| STATE OF INDIANA | ) | |
| | ) | |
| VS | ) | INFORMATION FOR: RLE (A-Misdemeanor) |
| Rosenbourgh, Robert A | ) | |

OFFICER DANIEL REVOIR 305 _____, being duly sworn upon his/her oath, says on or about the 11 day of November, 20 20, in the County of LaPorte and State of Indiana, Robert A Rosenbourgh did ▓▓▓▓ knowingly or intentionally:

- **X** (Resisting Law Enforcement) forcibly resist, obstruct, or interfere with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties; (Class A Misdemeanor)(35-44.1-3-1(a)(1)).
  - ____ forcibly resist, obstruct, or interfere with the authorized service or execution of a civil or criminal process or order of a court; (Class A Misdemeanor) (35-44.1-3-1(a)(2)).
  - **X** flee from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered a person to stop (Class A Misdemeanor) (35-44.1-3-1(a)(3)).
    - ____ and a vehicle was used to commit the above offense (Level 6 Felony) (35-44.1-3-1(b)(1)(A)).
  - ____ and draw or use a deadly weapon, inflict bodily injury on, or otherwise cause bodily injury to another person, or operate a vehicle in a manner that creates a substantial risk of bodily injury to another person (Level 6 Felony)(35-44.1-3-1(b)(1)(B)).

- ____ (False Reporting or Informing) report by telephone, telegraph, mail or other written or oral communication that:
  - ____ the person or another person has placed or intends to place an explosive, a destructive device, or other destructive substance in a building or transportation facility; (Level 6 Felony)( 35-44.1-2-3(c)(3)).
  - ____ there has been or there will be tampering with a consumer product introduced into commerce; (Level 6 Felony)( 35-44.1-2-3(c)(3)).
  - ____ or there has been or will be placed or introduced a weapon of mass destruction in a building or a place of assembly – knowing the report to be false (Level 6 Felony)( 35-44.1-2-3(c)(3)).
- ____ knowingly give:
  - ____ a false report of the commission of a crime, or information that is false in the official investigation of the commission of a crime; (Class B Misdemeanor)(35-44.1-2-3(d)(1)).
  - ____ a false alarm of fire to the fire department of a governmental entity; (Class B Misdemeanor)(35-44.1-2-3(d)(2)).
  - ____ a false request for ambulance service to an ambulance service provider; (Class B Misdemeanor)(35-44.1-2-3(d)(3)).
  - ____ a false report concerning a missing child or gives false information in the official investigation of a missing child or missing endangered adult; (Class B Misdemeanor)(35-44.1-2-3(d)(4)).
- ____ and it substantially hinders any law enforcement process or results in harm to another person (Class A Misdemeanor) (35-44.1-2-3(d)).
- ____ knowingly make:
  - ____ a false complaint against a law enforcement officer to the state or municipality that employs the officer alleging the officer engaged in misconduct while performing the officer's duties, (Class B Misdemeanor)(35-44.1-2-3(d)(6)).knowing the report to be false; (Class B Misdemeanor)(35-44.1-2-3(d)(5)).
  - ____ a false report of a missing person (Class B Misdemeanor)(35-44.1-2-3(d)(6)).

Revised 09/2019

_____ and it substantially hinders any law enforcement process or results in harm to another person (Class A Misdemeanor) (35-44.1-2-3(d)).

_____ **(False Identifying Statement)** with the intent to mislead public servants, in a five (5) year period, and in one (1) or more official proceedings or investigations, make at least two (2) material statements concerning the person's identity that are inconsistent to the degree that one (1) of them is necessarily false. (Class A Misdemeanor)(35-44.1-2-4(a)).

_____ **(Assisting a criminal)** a person not standing in the relation of parent, child, or spouse to another person who has committed a crime or is a fugitive from justice who, with intent to hinder the apprehension or punishment of the other person, to wit: _____,
harbor, conceal, or otherwise assist the person (Class A Misdemeanor)(35-44.1-2-5)(a)).
    _____ if the person assisted has committed a Level 3, Level 4, or Level 5 Felony (Level 6 Felony) )(35-44.1-2-5)(a)(1)(A)).

_____ **(Disorderly Conduct)** or recklessly:
    _____ engage in fighting or in tumultuous conduct, to wit: _____. (Class B Misdemeanor)(35-45-1-3)(a)(1)).
    _____ make unreasonable noise, to wit: _____ and continue to do so after being asked to stop (Class B Misdemeanor)(35-45-1-3)(a)(2)).
    _____ disrupt a lawful assembly of persons (Class B Misdemeanor)(35-45-1-3)(a)(3)).
_____ AND the offense is committed within 500 feet of the location where a burial is being performed, a funeral procession, if the person described above knows that the funeral procession is taking place; or a building in which a funeral/memorial service or the viewing of a deceased person is being conducted and adversely affects the funeral/burial/viewing/funeral procession/memorial service (Level 6 Felony)(35-45-1-3)(c)),
OR
_____ the offense adversely affects airport security and is committed in an airport or on the premises of an airport, including in a parking area, a maintenance bay, or an aircraft hangar (Level 6 Felony)(35-45-1-3)(b)).

_____ **(Trafficking with an Inmate)** without prior authorization of the person in charge of a penal facility or juvenile facility, deliver, or carry in to a penal facility with intent to deliver, an article to an inmate or child of the facility; (35-44.1-3-5)(b)(1) <u>OR</u> carry or receive with intent to carry out of the penal or juvenile facility, an article from an inmate or child of the facility. (Class A Misdemeanor) (35-44.1-3-5)(b)(2)).

Revised 09/2019

_____ (Obstruction of Justice) Induce by threat, coercion, false statement, or offer of goods, services or anything of value, a witness or informant in an official proceeding or investigation to:
  _____ withhold or unreasonably delay in producing any testimony, information, documentation or thing; (Level 6 Felony)(35-44.1-2-2)(a)(1)(A)).
  _____ avoid legal process summoning the person to testify or supply evidence, or ; (Level 6 Felony)(35-44.1-2-2)(a)(1)(B)).
  _____ absent the person from a proceeding or investigation to which the person has been legally summoned;(Level 6 Felony)(35-44.1-2-2)(a)(1)(C)).
_____ in an official criminal proceeding or investigation:
  _____ withhold or unreasonably delay in producing any testimony, information, documentation or thing; (Level 6 Felony)(35-44.1-2-2)(a)(2)(A)).
  _____ avoid legal process summoning the person to testify or supply evidence, or(Level 6 Felony) (35-44.1-2-2)(a)(2)(B)).
  _____ absent the person from a proceeding or investigation to which the person has been legally summoned; (Level 6 Felony)(35-44.1-2-2)(a)(2)(C)).
_____ alter, damage, or remove any record, document, or thing, with intent to prevent it from being produced or used as evidence in any official proceeding or investigation(Level 6 Felony)(35-44.1-2-2)(a)(3).
_____ make, present, or use a false record, document, or thing with intent that the record, document or thing, material to the point in question, appear in evidence in an official proceeding or investigation to mislead a public servant (Level 6 Felony)(35-44.1-2-2)(a)(4)).

_____ (Escape) violate a home detention order or intentionally remove an electronic monitoring device or GPS tracking device, to wit: _____
(Level 6 Felony)(35-44.1-3-4(b)).

_____ (Failure to Return to Law Detention) fail to return to law detention following temporary leave granted for a specified purpose or limited period, to wit: _____
(Level 6 Felony)(35-44.1-3-4(c)).

Contrary to the form of the statute made and provided, and against the peace and dignity of the State of Indiana

_____ 305
Affiant

Subscribed and sworn to before me, and approved by me, this 12th day of November 20 20

JOHN F. LAKE Prosecuting Attorney
By: _____
Deputy, 32nd Judicial Circuit

This affidavit having been filed in open court this _____ day of _____ 20__ together with supporting affidavit(s)/testimony of _____ with a finding thereon of probable cause for issuance of a warrant of arrest of _____, which finding was entered by _____, Judge/Magistrate of the LaPorte _____ Court No. _____, and this court having examined said supporting affidavit(s)/testimony and said finding of probable cause, now orders that a warrant issue for the arrest of _____.

Bond set at $ _____

_____          _____
Magistrate               Judge

Revised 09/2019

|  |  |  |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAPORTE SUPERIOR COURT NO. ____ |
|  | )' |  |
| COUNTY OF LAPORTE | ) | CAUSE NO. 46____-____-____ |

STATE OF INDIANA          )
                          )
        vs.               )    **AFFIDAVIT FOR PROBABLE CAUSE**
                          )
Rosenbourgh, Robert Antoine )
    Defendant

OFFICER DANIEL REVOIR 305, being duly sworn upon their oath, states:

1. That attached hereto and made a part of this Affidavit is/are reports, statements, and/or other information pertaining to the investigation of the charge(s) against the above-named Defendant(s). Based upon the attached documents, this affiant has probable cause to believe the Defendant(s) committed said crime(s) of _Felon in Possession of Handgun (Level 5 Felon), Resisting Law Enforcement (A-Misdemeanor)

OR

2. Based upon his/her investigation this affiant has probable cause to believe the Defendant(s) committed the crime(s) of

_____
Affiant

Subscribed and sworn to before me this _12th_ day of _November_, 2020

JOHN F. LAKE, PROSECUTING ATTORNEY
32nd Judicial Circuit

By: _____
    Deputy

This Affidavit, having been filed in Open Court this _____ day of _____, 20___, and having been examined by the Court, the Court now finds upon the basis of examination of said Affidavit that probable cause exists for issuance of a warrant for the arrest of _____ on a charge(s) of

_____  _____
Magistrate                                                Judge

Revised 01/2019